Judge Underwood
delivered the opinion of the Court.
Durrett recovered a judgment against Craig, for $40, in an action of assumpsit, for work and labour in making bale rope. Craig moved for a new trial, which was refused by the court; an exception wa$ filed, and the case brought up for revision.
•Question for revision.
in assumpsit for work and labour, the jury have a right, from their knowledge of the business of ■ society, and ¡the value of labor, to find si verdict for the price of the work done, altho’ no evidence what labour ivas worth, at the time and place the ■work was done.
There is but one question presented. Is the verdict and judgment contrary to law or the evidence? A new trial was moved for, solely on the ground, that the verdict was against law and evidence. If therefore the record does not shew that it was contrary to law, or to the evidence, we cannot say, that the court erred in refusing a new trial.
There is nothing to show, that the verdict is against law, and the only plausible ground, on which to maintain that it is against evidence, is, that the proof as certified, does not state the price for making the bale rope. We do not reverse the judgment on that account. The quantity manufactured, and the place where it was done, were proved. The jurors were from the vicinage, and we must take it, that they had some knowledge of the value of labour, and the time required to make bale rope. With this knowledge, they had a right from the facts proved, to assess the damages. If in assumpsit for work and labour done, the nature of the work is described, and the number of days the hands are employed is given, or the quantity of work done is proved, although no witness should state the price of laborers by the day, month or year; we think the jury might rightfully assess the damages, and we would not reverse, unless it appeared they had found too much. This court has decided, that the jury may fix the price of the property sued for, from its description, although the witnesses are silentas to price. Why are these doctrines tolerated? Because courts must act, if governed by reason and commpn sense, upon the presumption, that jurors are acquainted with the .ordinary transactions, and business of society, and perhaps, no one thing is so well known, as the value and prices of labour. Jurors will be influenced by their own knowledge, in coming to a conclusion, and it is right they should be. And whenever from the facts proved, it can rationally be inferred, that the jury could, from their knowledge of business, come to a correct conclusion, as to the extent of damages, the party is entitled to; we think courts ought not to controul their verdicts for want of evidence. In this case, it cannot be said that the verdict is contrary to evidence. There is no pretext for saying any more, than that they were not authorized to find, as they did, for want *367 of evidence. We think there was evidence enough before them to support their verdict. This opinion does not conflict with the settled- doctrine, that it would be improper, for one juror to detaila fact within his knowledge to his fellow jurors in their room, as evidence, which was not stated in open court.
Depew and Sanders, for plt’ffs; Crittenden, for def’t.
Wherefore, the judgment is affirmed with costó.